IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DONALD LEMAR,**

       Plaintiff,

vs.

                                                 No. CIV 1:98-267 JC/LCS

**KENNETH S. APFEL,**
**Commissioner of Social Security**,

       Defendant.

## MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Defendant's Motion to Dismiss the Plaintiff's Complaint, filed on August 18, 1998. The Court, having reviewed the pleadings and the applicable law, finds the Motion well-taken and recommends that it be granted.

### Introduction

On September 28, 1992, Plaintiff Donald Lemar ("Lemar") filed an application for social security disability benefits. It was initially denied on March 4, 1993 and denied on reconsideration on May 7, 1993. Lemar did not appeal the denial. On August 17, 1994 citing new evidence, Lemar filed a second application for benefits, and, to keep from having the application dismissed on grounds of *res judicata*, moved on July 22, 1996 to reopen the prior application. On August 6, 1996, after conducting a Hearing, the Administrative Law Judge ("ALJ") gave Lemar 10 days from that date to brief why the first application should be reopened, and why, if it was not reopened, the second application should not be barred by the decision on the first application. On August 14, 1996, Lemar submitted his brief, arguing that the first application should be reopened

because he had submitted new evidence of his pre-existing disability, and second, even if the first application were not reopened, his second application should not be barred by *res judicata* because he never received an adjudicatory hearing on his initial application.

On Sept. 18, 1996, the ALJ issued a decision refusing to reopen the prior application, apparently unpersuaded that the medical evidence Lemar offered was new or material.  He also found that the second application was barred because of the unfavorable decision on the earlier application.  (The ALJ did not address Lemar's argument that *res  judicata* was inapplicable because the initial denial of benefits occurred without an adjudicatory hearing.)

Lemar  appealed the ALJ's decision.  On January 10, 1998 the Appeals Council denied review of what it termed the ALJ's "dismissal" of the second application.  On January 21, 1998 Lemar filed a motion with the Appeals Council, seeking to correct what he believed was an incorrect characterization of the ALJ's decision.  He contended that the ALJ's denial of his second application on the grounds of *res judicata* was not a "dismissal", but that labeling it so would prevent judicial review of the decision.  The Appeals Council did not act on the Motion before Lemar filed this action on March 6, 1998.  As Lemar feared, the Social Security Administration promptly moved to dismiss the complaint on the grounds that neither the ALJ's refusal to reopen the initial application nor his determination that the second application was barred under the doctrine of  *res judicata* were subject to judicial review.

**Analysis and Recommended Disposition**

The dispositive issue in this appeal is whether this Court has jurisdiction to review the Social Security Administration's decision. There is no general federal question jurisdiction over Social Security claims; judicial review of unfavorable administrative decisions on claims arising under Title II of the Social Security Act is authorized under 42 U.S.C. Sec. 405(g). That section provides for judicial review of final orders of the Commissioner, but does not define "final order". While it is well-settled that an ALJ's decision not to reopen a prior application is non-reviewable, *Califano v. Sanders*, 430 U.S. 99, 108 (1976), there is still a split in the circuits on whether the decision to deny a second petition on the grounds of *res judicata* is a final decision subject to judicial review. *Compare Coulter v. Weinberger,* 527 F.2d 224, 228 (3d Cir. 1975) (Where the doctrine of *res judicata* is properly invoked by the Secretary, the decision constitutes a final order within the meaning of 42 U.S.C. Sec. 405(g) and may be reviewed by the district court) and *Aversa v. HHS*, 672 F.Supp. 775, 777 (D.N.J. 1987) (Federal courts have jurisdiction to review an ALJ's reliance on *res judicata* if the second application is denied rather than dismissed) *with Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990) (ALJ's determination that a second application is barred by *res judicata* is not subject to federal court review).

In his response brief, Lemar argues that the ALJ's invocation of *res judicata* was clearly erroneous, and that his case is factually and procedurally indistinguishable from *Aversa;* however, this Court is bound by the Tenth Circuit's decision in *Brown. Because Brown* prohibits this Court from reviewing the Social Security Administration's determination that Lemar's second application is barred by *res judicata*, I recommend that the Defendants' motion to dismiss for lack of subject matter jurisdiction be granted.

Within ten days after a party receives a copy of this Recommended Disposition that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections. A party must file any objections within the time period allowed if that party desires review by the district court. In the absence of timely-filed objections, no review will be conducted.

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE